UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARIO BERNARD, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| I.C. SYSTEM, INC., | |
| Defendant(s). | |

**PRELIMINARY STATEMENT**

1. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, I.C. SYSTEM, INC. ("I.C. SYSTEM") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the Defendant does business in this district, and the conduct complained of occurred in New Jersey and Pennsylvania.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Philadelphia, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. I.C. SYSTEM maintains a location at 444 Highway 96 East, St. Paul, Minnesota 55164.

7. Defendant uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey and Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants, in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey and Pennsylvania consumers who were sent letters and/or notices from I.C. SYSTEM (See **Exhibit A**), which included the alleged conduct and practices described herein.

<u>The class definition may be subsequently modified or refined</u>.

<u>The Class period begins one year prior to the filing of this Action</u>.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

   b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

      ii.      Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv.      Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

13.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

14.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

15. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. At some time prior to March 11, 2021, Plaintiff allegedly incurred a financial obligation to RCN CORPORATION ("RCN").

18. The RCN obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

19. Plaintiff allegedly incurred the RCN obligation by obtaining goods and services which were primarily for personal, family and household purposes.

20. The RCN obligation did not arise out of a transaction that was for non-personal use.

21. The RCN obligation did not arise out of transactions that were for business use.

22. The RCN obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. RCN is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24. On or before March 11, 2021, RCN referred the RCN obligation to Defendants for the purpose of collections.

25. At the time the RCN obligation was referred to Defendants, the RCN obligation was in default.

26. Defendants caused to be delivered to Plaintiff a letter dated March 11, 2021, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

27. The March 11, 2021 letter was sent to Plaintiff in connection with the collection of the RCN obligation.

28. The March 11, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The March 11, 2021 letter was the initial written communication that Plaintiff received from Defendant. No other written communication was received by Plaintiff from Defendant within five days of the March 11, 2021 letter.

30. Upon receipt, Plaintiff read the March 11, 2021 letter.

31. The March 11, 2021 letter provided the following information regarding the balance claimed due on the RCN obligation:

> Balance Due: $674.46

32. The March 11, 2021 letter stated in part:

> Dario Bernard:
>
> Your delinquent account has been turned over to this collection agency. RCN Corporation is both the original and current creditor to whom this debt is owed.
>
> The account information is scheduled to be reported to the national credit reporting agencies in your creditor's name. You have the right to inspect your credit file in accordance with federal law. I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below.

33. The March 11, 2021 letter also stated in part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment

and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

34. These rights are mandated by 15 U.S.C. § 1692g(a)(3) through (5) ("Validation Notice") of the FDCPA.

35. A debt collector has the obligation not just to convey each of the disclosures required by 15 U.S.C. § 1692g(a)(3)-(5), but also to convey each disclosure clearly and effectively.

36. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

37. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

38. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

39. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

40. Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does not explain how the demand for payment fits together with the consumer's right to dispute the debt. See <u>Wilson v. Quadramed Corp.</u>, 225 F.3d 350 (3d Cir 2000).

41. Defendant's March 11, 2021 letter does not include a reconciling statement.

42. Defendant's March 11, 2021 letter does not explain what effect there would be to the "expiration date" by which Defendant advised it would submit a negative credit reporting on Plaintiff's credit record to a credit reporting agency should Plaintiff exercise his rights under 15 U.S.C. § 1692g(a)(3)-(5).

43. Defendant could have advised Plaintiff and others similarly situated that:

> If you dispute the debt, request proof of the debt, or request the name of the original creditor in writing within the 30 day period described herein, the time period in which we will submit a negative credit reporting on your credit record to a credit reporting agency will be extended by the number of days from the date of your request to the date this office has mailed you the requested information.

44. Without the inclusion of a "reconciling statement", Defendant's letter violates the FDCPA as it overshadows and renders the Validation Notice ineffective.

45. Plaintiff is left unsure what would happen at the expiration of the 30-day period should Plaintiff send a written dispute or send a written request for creditor information to the Defendant within 30 days of receipt of the March 11, 2021 letter.

   a. If Plaintiff sent such a written communication to the Defendant within 30 days of receipt of the March 11, 2021 letter, and the debt was found invalid or if the debt could not be verified, would Defendant still report the account information to the national reporting agencies at the expiration of the 30-day period?

   b. Would the expiration of the 30-day period be extended by the length of time that it took for Defendant to provide its written response since Defendant was prohibited from further collection during that period?

46. In addition, Plaintiff understood Defendant's March 11, 2021 letter to mean that if Plaintiff paid or made arrangements to pay the RCN obligation *before the expiration of the 30*

*day period*, Defendant would not report the account information to the national reporting agencies.

47. By stating in the March 11, 2021 letter "I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below" IC used false representations or deceptive means to collect a debt, to Plaintiff and others similarly situated, in violation of 15 U.S.C. § 1692e(10) since IC failed to further state that if Plaintiff disputes the debt within "…the time period described in the notice below" then, pursuant to 15 U.S.C. § 1692e(8) IC must report the account to the national credit reporting agencies as disputed.

48. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014), Grubb v. Green Tree Servicing, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

49. Defendant's March 11, 2021 letter creates confusion and leaves the Plaintiff and others similarly situated uncertain as to their rights under the FDCPA.

50. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false

representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

51. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

52. I.C. SYSTEM knew or should have known that its actions violated the FDCPA.

53. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

54. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

   (c) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

55. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in New Jersey and Pennsylvania within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

56. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

57. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

58. The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

59. As described herein, Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e; § 1692e(5) and § 1692e(10).

60. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

61. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

62. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

63. Defendants violated 15 U.S.C. § 1692e(5) by threatening to report credit information to a credit reporting agency even after Plaintiff exercised his right to dispute the debt in writing within the 30-day period.

64. Defendants violated 15 U.S.C. § 1692e(5) by threatening to report credit information to a credit reporting agency even if Defendant could not verify the debt or if the debt was invalid.

65. By stating in the March 11, 2021 letter "I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below" IC used false representations or deceptive means to collect a debt, to Plaintiff and others similarly situated, in violation of 15 U.S.C. § 1692e(10) since IC failed to further state that if Plaintiff disputes the debt within "…the time period described in the

notice below" then, pursuant to 15 U.S.C. § 1692e(8) IC must report the account to the national credit reporting agencies as disputed.

66. As described herein, Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

67. Defendant violated 15 U.S.C. § 1692g by failing to effectively convey the Validation Notice.

68. As described herein, Defendant's letter violated 15 U.S.C. § 1692g(a)(3), 1692g(a)(4) and 1692g(a)(5).

69. Defendant violated the FDCPA by overshadowing and/or contradicting the Validation Notice.

70. Defendant violated 15 U.S.C. §. 1692g(b) by threatening to engage in or engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

71. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

72. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

73. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

74. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

75. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

76. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

77. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 2, 2022                    Respectfully submitted,

By:  s/ Joseph K. Jones
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF& KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
Phone: (973) 227-5900
Fax: (973) 244-0019

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: March 2, 2022

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, CHULSKY & KESSLER, LLC
330 Mounts Corner Drive, Suite 417
Freehold, NJ 07728
Phone: (877) 827-3395
Fax: (877) 827-3394
Attorneys for Plaintiff

# EXHIBIT

# A



**ACCOUNT SUMMARY**

Creditor: RCN Corporation
Account No.:
I.C. System Reference No.:

# COLLECTION NOTICE

**BALANCE DUE:** $674.46

3/11/2021

Dario Bernard:

Your delinquent account has been turned over to this collection agency. RCN Corporation is both the original and current creditor to whom this debt is owed.

The account information is scheduled to be reported to the national credit reporting agencies in your creditor's name. You have the right to inspect your credit file in accordance with federal law. I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below.

Please tear off the bottom portion of this letter and return it with your payment.

If you will be receiving a tax refund and would like to use it to pay your account, please call us to make payment arrangements.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

NOTICE

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

I.C. System, Inc.|444 Highway 96 East, PO Box 64378, St. Paul MN 55164-0378



YOU HAVE OPTIONS

- For questions or payment please go to: https://www.icsystem.com/consumer
- Mail check or money order payable to I.C. System, Inc. with coupon below
- Call Toll-Free at 866-389-2027

P.O. Box 64437
St. Paul MN 55164-0437

**BALANCE DUE:** $674.46