UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARIO BERNARD, *ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED* | : : : : | Civil Action No. 22-cv-1129 (JXN) (JRA) |
| Plaintiff, | : : | OPINION |
| v. | : : |  |
| I.C. SYSTEM, INC. | : :  |  |
| Defendant. | : : : |  |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on Defendant I.C. System, Inc.'s ("Defendant" or "ICS") motion to dismiss Plaintiff Dario Bernard's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) [ECF No. 7], to which Plaintiff opposed [ECF No. 8]. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1331. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1. For the reasons stated herein, Defendant's motion to dismiss [ECF No. 7] is **GRANTED**.

**I.   BACKGROUND**

Plaintiff is a resident of Philadelphia, Pennsylvania. Compl. ¶ 5. Defendant is a Minnesota corporation with its principal place of business in St. Paul, Minnesota. *Id.* ¶ 6. On March 2, 2022, Plaintiff filed suit against Defendant, on behalf of himself and all others similarly situated, alleging that Defendant violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). *Id.* ¶ 1. More specifically, Plaintiff alleges that he brings this action "on behalf of

himself and all New Jersey and Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants[.]" *Id.* ¶ 3.

Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(3), arguing that venue is improper in the District of New Jersey. Def.'s Mot. to Dismiss, ECF No. 7. Plaintiff opposes the motion, and requests that this matter be transferred to the United States District Court for the Eastern District of Pennsylvania in the alternative. Pl.'s Opp'n Br., ECF No. 8.

## II. DISCUSSION

### A. Motion to Dismiss under Rule 12(b)(3)

In ruling on a Rule 12(b)(3) motion, "[w]e accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." *Bockman v. First Am. Mktg. Corp.*, 2012 WL 171972, at *1 n.1 (3d Cir. 2012). As our Court of Appeals has explained, "the defendant should ordinarily bear the burden of showing improper venue in connection with a motion to dismiss." *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 725 (3d Cir. 1982).

In its motion, Defendant contends that Plaintiff's "Complaint should be dismissed as New Jersey is an improper venue." ECF No. 7-1 at 1. Specifically, Defendant contends that "Plaintiff's lawsuit is predicated entirely on the contents of a single collection letter ICS mailed to Plaintiff in Pennsylvania. No conduct occurred, or is alleged to have occurred, in New Jersey." *Id.* Defendant further argues that neither Plaintiff nor Defendant have any connection to New Jersey, because Plaintiff is a resident of Philadelphia, Pennsylvania and Defendant is a Minnesota corporation. *Id.*

In response, Plaintiff contends that "[a]lthough Defendant [] is incorporated in Minnesota, it is no stranger to the State of New Jersey." ECF No. 8 a 5.[1] Plaintiff notes that Defendant's website contains the following representations:

> "Efficient Debt Collection In New Jersey" or "'Collecting Debts When Customers Leave New Jersey' 'Not all of your customers will stay within the borders of New Jersey before making overdue payments. That's why IC System continues our efforts when a customer seems to have fallen off the map. When you choose IC System, you get a team with:
> - Licenses and/or bonds in all 50 states + Guam and Puerto Rico
> - The ability to locate your customers nationwide
> - Interstate debt collection experience'"

*Id.* Plaintiff further contends that venue is proper because "Plaintiff pleaded that part of the putative class resides in New Jersey" and Defendant sent debt collection letters to consumers in New Jersey. *Id.* at 8-9 (citing Compl. ¶ 10, ECF No. 1). Paragraph 10 of Plaintiff's Complaint specifically provides that:

> Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey and Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants, in violation of the FDCPA, as described in this Complaint.

Compl. ¶ 10. Plaintiff's Complaint also provides that "[v]enue is proper in this district under 28 U.S.C. § 1391(b) and 15 U.S.C. § 1692k(d) because the Defendant does business in this district, and the conduct complained of occurred in New Jersey and Pennsylvania." *Id.* ¶ 3.

Venue is governed by statute. When a claim involves a federal law, as it does here, 28 U.S.C. § 1391(b) applies:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,

---

[1] For the sake of clarity, unless otherwise noted, all references to page numbers in Plaintiff's brief correspond to the page numbers generated by the ECF system.

3

or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Dellget v. Wolpoff & Abramson, L.L.P.*, No. CIV.A.07-cv-1024, 2007 WL 4142769, at *2 (E.D. Pa. Nov. 21, 2007) (citing 28 U.S.C. § 1391(b)). As noted above, Defendant bears the burden of showing improper venue in connection with a motion to dismiss. *Myers*, 695 F.2d at 725. In determining whether Defendant has met its burden of showing that venue is improper, the Court will review the allegations in the Complaint, affidavits, and evidence offered to support their respective positions.

As noted above, the federal venue statute provides three bases for venue. First, venue is proper in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Here, Plaintiff states that Defendant maintains a location in St. Paul, Minnesota. Compl. ¶ 6. In connection with its motion, Defendant attached a copy of the Minnesota Secretary of State Business Records, which provides that ICS is a Minnesota corporation with its principal place of business located in Minnesota. *See* Zacharias Aff. ¶ 3, ECF No. 7-2; *see also* Ex. A, ECF No. 7-3.[2] Defendant is not a resident in the District of New Jersey. Thus, the first basis for venue in New Jersey is inapplicable.

Second, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). In the Complaint, Plaintiff alleges in conclusory fashion that Defendant sent collection letters and/or notices to consumers in New Jersey and Pennsylvania. Compl. ¶ 10. In support of his allegation, Plaintiff submitted a partial copy of a debt collection letter that was addressed to Plaintiff but did not include the portion of the letter that

---

[2] Courts may consider matters of public record, exhibits attached to the complaint, and undisputedly authentic documents attached to a motion to dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

4

contains Plaintiff's mailing address. *See id.* at 16, Ex. A. In support of its motion to dismiss, Defendant submitted the full version of the debt collection letter, which includes the bottom portion that reflects that the letter was mailed to Plaintiff's address in Whitehall, Pennsylvania. *See* Zacharias Aff. ¶ 4, ECF No. 7-2; *see also* Ex. B, ECF No. 7-4. In further support of its motion, Defendant argues that Plaintiff's Complaint is predicated entirely on the contents of the debt collection letter that was mailed to Plaintiff in Pennsylvania. *See* ECF No. 7-1 at 2. Defendant maintains that "[n]o conduct or party at issue in this lawsuit is alleged to have any connection to New Jersey." *Id*. at 1.

In response, Plaintiff claims that Defendant is "no stranger to the State of New Jersey" and cites several representations purportedly from Defendant's website regarding its connection with New Jersey. *See* ECF No. 8 at 5. If accepted as entirely true, the representations establish that Defendant advertises to New Jersey customers, but it fails to show that New Jersey is the jurisdiction where the acts or omissions giving rise to the Complaint occurred. *See Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161–62 (3d Cir. 2012) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (observing that "for venue to be proper, significant events or omissions *material* to the plaintiff's claim must have occurred in the district in question," and that it "would be error . . . to treat the venue statute's substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries"). In other words, the representations on Defendant's website do not show that Defendant sent collection letters and/or notices to consumers in New Jersey in violation of the FDCPA as Plaintiff has alleged.

Defendant satisfied its burden of showing improper venue by offering evidence that the wrongful act alleged in the Complaint did not occur in New Jersey, and Plaintiff has failed to rebut that evidence. More specifically, Plaintiff has not submitted any affidavits or offered any evidence

demonstrating that Defendant sent any collection letters and/or notices to consumers in New Jersey.  Thus, the Court finds that venue is improper in the District of New Jersey.

Finally, if no other district is appropriate, venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3).  In this case, venue is proper in another district, rendering this prong of the general venue statute unavailable here.  Specifically, venue for this case would be proper in the District of Minnesota, where Defendant's principal place of business is located, and in the Eastern District of Pennsylvania, where Defendant sent the debt collection letter to Plaintiff.  Thus, the third basis for venue in New Jersey is inapplicable.

## B. Plaintiff's Request to Transfer under 28 U.S.C. § 1404(a)

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404.  As explained by the Supreme Court, section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  A motion to transfer under section 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.  Here, Plaintiff has not identified a single factor in favor of his motion to transfer to the Eastern District of Pennsylvania.  Accordingly, the Court will deny Plaintiff's motion.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [ECF No. 7] is **GRANTED**. Plaintiff's Complaint is dismissed without prejudice to Plaintiff filing in the proper venue. An appropriate Form of Order accompanies this Opinion.

DATED: February 27, 2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge